UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-CV-00983-JVS (JPRx) | Date | December 21, 2022 |
| Title | Daniel Ochoa v. Roberto Lopez et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Permanent Injunction [40]**

   Plaintiff Daniel Ochoa ("Ochoa") moves for a permanent injunction against Defendants Robert Lopez and Richard Lopes (collectively, "Defendants"). (Mot., Dkt. No. 40.) Defendants have not filed a response to this motion and the Court finds it futile to allow additional time to file, given Defendants' previous failures to respond to the Court's orders in this regard. (See Order Regarding Summary Judgment Briefing Schedule, Dkt. No. 35.) The Court therefore considers this motion on the merits.

   For the following reasons, the Court **GRANTS** the motion.

### I. Background

   The facts of this case are known to the Court and the parties. The Court will therefore only briefly summarize them now. Founded in 1983, "El Tiempo" performed music in the style of Regional Mexican Grupera also known as Grupero or Onda Grupera music. (Ochoa Decl., Dkt. No. 32-1 ¶ 3.) El Tiempo released multiple records in the United States in the 1980s and 1990s. (Id. ¶ 4.) The original members of El Tiempo formed a partnership with Ochoa in 1985 to manage the group's business affairs. (Id. ¶ 3.) By 1989, two of the original members of El Tiempo had left the group and the partnership, including the lead vocalist. (Id. ¶ 5.) Ochoa hired Roberto Lopez to replace the band's original lead vocalist, but Lopez did not become a member of the band's legal partnership. (Id. ¶ 6.) Lopez held the role of lead vocalist until he left the group in 1994. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-CV-00983-JVS (JPRx)                              Date  December 21, 2022

Title     Daniel Ochoa v. Roberto Lopez et al

    El Tiempo has continued to perform and release music on digital platforms with different iterations of the band's lineup. (Id. ¶ 9.) Apart from Ochoa, none of the original partnership's members remain, leaving him as the sole owner of the EL TIEMPO mark. (Id.) Ochoa secured the registration to the EL TIEMPO® service mark with the United States Patent & Trademark Office on June 24, 2008, which was assigned U.S. Registration Number 3,452,927 ("the '927 Registration") for use with "Entertainment in the nature of live performances by a musical group." (Id. ¶ 13.) The '927 Registration was renewed in 2017 and has since achieved incontestable status. (Id. ¶ 14.) On August 19, 2014, Plaintiff also secured another registration to the EL TIEMPO® mark from the USPTO, which assigned the mark U.S. Registration Number 4,588,487 (the '487 Registration") for use with "Audio and video recordings featuring music and artistic performances; Audio and video recordings featuring sound recordings of the musical group EL TIEMPO; Musical sound recordings; Pre-recorded CDs featuring sound recordings of the musical group EL TIEMPO; Pre-recorded electronic and digital media featuring sound recordings of the musical group EL TIEMPO; Series of musical sound recordings." (Id. ¶ 15.)

    Defendants' father, Roberto Lopez, set up a band in 2011 that used the same or similar mark as that of the Infringing Marks to perform live performances of Regional Mexican Grupera music. (Kowsari Decl., Dkt. No. 32-2 ¶¶ 8, 16.) From mid-2019 through March 2022, Defendants have performed and sold music, and have been advertised and marketed to the public, under the band-name – "Roberto Lopez El Tiempo De Mexico" – that highlights the words "El Tiempo" with the other words in much smaller print. (Id. ¶¶ 8, 12.) On May 21, 2012, this Court entered judgment against Roberto Lopez, finding that such use infringed Ochoa's federally registered EL TIEMPO mark and permanently enjoining Roberto Lopez from using the mark. See Ochoa v. Lopez, CV 11-9239 JVS (JPRx), 2021 U.S. Dist. LEXIS 190216, at *3 (June 29, 2021). Despite the injunction and subsequent impositions of sanctions, Roberto Lopez continued to advertise, promote, and perform in a musical group with some version of "El Tiempo" in its name. See id. at *12. Defendants also operated several social media accounts where they promoted their musical group. (Kowarsi Decl. ¶¶ 6, 13-15.)

    Ochoa moved for summary judgment against Defendants on his federal trademark infringement and common law unfair competition claims. (See Dkt. No. 32) On August 19, 2022, the Court granted summary judgment on both claims, finding a "likelihood of confusion" based on Defendants' use of the mark and a showing that Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-CV-00983-JVS (JPRx) | Date | December 21, 2022 |
| Title | Daniel Ochoa v. Roberto Lopez et al | | |

"knowingly used an infringing mark." (See Dkt. No. 37 at 8, 12.) Ochoa now moves this Court for a permanent injunction to prevent them from engaging in further infringing activity.

## II. Legal Standard

The standard for determining whether a permanent injunction should be granted is "essentially the same as the standard for a preliminary injunction, except that the court determines the plaintiff's success on the merits rather than the plaintiff's likelihood of success on the merits." Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531, 546 n.12 (1987).

To obtain a permanent injunction, a plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

In the case of trademark infringement, courts may grant injunctions "to prevent the violation of any right of the registrant of a mark registered in the Patent or Trademark Office." 15 U.S.C. § 1116(a). A party seeking injunctive relief "shall be entitled to a rebuttable presumption of irreparable harm upon a finding" of infringement. Id.

## III. Discussion

### A. Irreparable Injury

In cases of trademark infringement, the party seeking injunctive relief "shall be entitled to a rebuttable presumption of irreparable harm upon a finding" of infringement. 15 U.S.C. § 1116(a). Here, the Court previously found that Defendants knowingly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-CV-00983-JVS (JPRx) | Date | December 21, 2022 |
| Title | Daniel Ochoa v. Roberto Lopez et al | | |

infringed on Ochoa's trademark.  (See Dkt. No. 37 at 8, 12.)  Because Defendants have not attempted to rebut this presumption, the Court finds that Ochoa has established irreparable harm.

      B.     *Inadequate Remedies at Law*

     Second, Ochoa must show that remedies at law are inadequate to redress his harm.  In cases of trademark infringement, "[i]njury to the trademark owner's reputation and good will as well as to consumer expectations is difficult, if not impossible, to adequately compensate for after the fact."  Daimler AG v. A-Z Wheels LLC, 498 F. Supp. 3d 1282, 1292 (quoting 5 McCarthy on Trademarks and Unfair Competition § 30:2 (5th ed. 2020)); see also Century 21 Real Est. Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."). Here, Ochoa has demonstrated that Defendants have continually held themselves out to be the group "El Tiempo," utilizing the act's trademarked name and its former vocalist. (Kowsari Decl., Dkt. No. 32-2 ¶¶ 8, 12, 16.) Defendants' actions make it nearly impossible for Ochoa to control his trademark and reputation.  Accordingly, legal remedies are insufficient to compensate for the injuries Defendants have caused and continue to cause.

      C.     *Balance of the Hardships*

     Third, Ochoa must show that the balance of hardships tips in his favor.  See CytoSport, Inc. v. Vital Pharm. Inc., 617 F. Supp. 2d 1051, 1081 (E.D. Cal. 2009).  Here, Ochoa's hardship results from loss of control of his trademark, harm to reputation, and loss of business recognition he has built over the years.  Conversely, any harm to Defendants is of their own making by knowingly and continually infringing on Ochoa's trademark.  See Cadence Design Sys. v. Avant! Corp., 125 F.3d 824, 829 (9th Cir. 1997) ("a defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it when properly forced to desist from its infringing activities"). Therefore, the balance of hardships tips strongly in Ochoa's favor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-CV-00983-JVS (JPRx) | Date | December 21, 2022 |
| Title | Daniel Ochoa v. Roberto Lopez et al | | |

    D.    *Public Interest*

Finally, in "trademark infringement cases, the public interest is the right of the public not to be deceived or confused.." Kinsley Tech. Co. v. Ya Ya Creations, Inc., 2022 WL 3908831, at *6 (C.D. Cal. Aug. 30, 2022). Where a "defendant's concurrent use of [a] plaintiff's trademark without authorization is likely to cause confusion, the public interest is damaged by the defendant's use." Chalon Adventures, Inc. v. Fullerton Lounge, Inc., 2019 WL 2896131, at *5 (C.D. Cal. Mar. 7, 2019) (internal citations and quotations omitted). As the Court previously found, Defendants have continually used Ochoa's trademark without authorization, concurrently with his own use. Therefore, the public's interest is served by imposing a permanent injunction to avoid further confusion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ochoa's motion for a permanent injunction. Defendants are hereby immediately and permanently enjoined from engaging in or performing any of the following acts:

(1) Using the mark "El Tiempo" or any confusingly similar or colorable imitation of the same, including any trade name or mark which includes the word "Tiempo" or "Tiemp" in connection with advertising in any form, or in connection with the goods or services of Defendants;

(2) Using the mark "El Tiempo" or any confusingly similar or colorable imitation of the same, including any trade name or mark which includes the word "Tiempo" or "Tiemp" in any manner for the prupose of enhancing the commercial value of the goods or services of Defendants;

(3) Otherwise infringing or diluting the distinctive quality of Ochoa's service mark or trade name "El Tiempo;"

(4) Contacting promoters, venue operators, advertisers, or other businesses for the purpose of offering the services of Defendants as "El Tiempo" or any confusingly similar or colorable imitation of the "El Tiempo" mark; and

(5) Selling, offering for sale, distributing, advertising, providing, or promoting any song, musical work, album or music video on the Internet, including on social media or third-party digital music platforms, using the mark "El

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-CV-00983-JVS (JPRx)　　　　　　　　　　Date  December 21, 2022

Title  Daniel Ochoa v. Roberto Lopez et al

　　　Tiempo" or any confusingly similar or colorable imitation of the same, including any trade name or mark which includes the word "Teimpo" or "Tiemp."

　　　The Court finds that no hearing is necessary on this matter. Fed R. Civ. P. 78; L.R. 7-15.

　　　**IT IS SO ORDERED.**